UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**JUSTIN GOLDMAN,**
Plaintiff,

v.

**ROGERS COMMUNICATIONS INC.,**
**ROGERS MEDIA INC. d/b/a SPORTSNET,**
Defendants.

Civil Action No. _____

---

**VERIFIED COMPLAINT**

Plaintiff Justin Goldman ("Plaintiff" or "Goldman"), by and through himself pro se, alleges as follows:

---

**NATURE OF THE ACTION**

1. This is an action for willful copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq.
2. Defendants publicly displayed Plaintiff's copyrighted photograph on social media without license, authorization, or permission.
3. The infringement was committed by a Sportsnet employee acting within the scope of his employment and using access, credentials, and professional authority derived directly from his role at Sportsnet.
4. Defendants now attempt to evade liability by claiming the employee used a "personal" account. That defense fails as a matter of law.
5. Copyright liability attaches to employers and principals for acts committed by employees within the scope of employment, including acts undertaken to promote or discuss their employer's business and content.
6. Plaintiff previously prevailed on the same public-display issue in federal court. The law is settled. Defendants' conduct is not a gray area — it is infringement.
7. Plaintiff seeks statutory damages, attorneys' fees (if retained), costs, and injunctive relief.

---

**JURISDICTION AND VENUE**

8. This action arises under the Copyright Act, 17 U.S.C. § 101 et seq.
9. The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338.
10. Venue is proper in this District under 28 U.S.C. § 1400(a) and § 1391 because Defendants transact business in this District and the infringing display was accessible and directed to users in this District.

**THE PARTIES**

11. Plaintiff Justin Goldman is an individual residing in New York and is the owner of the copyrighted photograph at issue.
12. Defendant Rogers Communications Inc. is a Canadian media and telecommunications company that conducts business in the United States and owns and controls Sportsnet.
13. Defendant Rogers Media Inc. d/b/a Sportsnet ("Sportsnet") is a media network that produces and distributes professional sports content and employs journalists and producers who publish content across social media platforms.
14. At all relevant times, Sportsnet employees acted as agents of Defendants within the scope of their employment.

**PLAINTIFF'S COPYRIGHTED WORK**

15. Plaintiff is the author and sole owner of the original photograph depicting Tom Brady walking with Danny Amendola in the Hamptons (the "Photograph").
16. The Photograph is protected by United States copyright.
17. The Photograph is registered with the United States Copyright Office, Registration No. **VAu 1-250-526**.
    *(Replace with your exact registration number if different.)*
18. The registration predates Defendants' infringement.
19. Plaintiff has never licensed or authorized Defendants or Sportsnet employees to reproduce, display, distribute, embed, repost, or otherwise exploit the Photograph.

**FACTUAL ALLEGATIONS**

20. On or about July 2, 2016, Sportsnet Feature Producer **Jason Thom**, then employed by Sportsnet, published and/or retweeted a post on X/Twitter that rendered and displayed Plaintiff's Photograph.
21. At that time, Thom publicly held himself out as a Sportsnet producer and was actively working in a professional capacity covering sports media content.
22. The post displayed the Photograph directly to the public, causing it to render visually within users' feeds.
23. The display was not merely a hyperlink. The Photograph itself was shown.

24. Rendering a copyrighted image to the public constitutes a "public display" under 17 U.S.C. § 106(5).
25. The display occurred during Thom's Sportsnet employment and concerned subject matter directly related to Sportsnet's sports coverage and professional activities.
26. Thom's access to the Photograph, professional audience, and platform credibility arose directly from his employment.
27. The post promoted sports commentary and content consistent with Sportsnet's business.
28. Thom acted within the scope of his employment and/or with apparent authority.
29. Defendants benefited from the exposure, traffic, and engagement generated by their employee's post.
30. Defendants had the right and ability to supervise their employee's conduct and control infringing activity.
31. Defendants failed to prevent or remedy the infringement.
32. The infringing post remains accessible or was publicly accessible for years.
33. Plaintiff did not discover the infringement until well after it occurred and filed promptly upon discovery. The action is timely under the discovery rule.
34. After notice, Defendants refused to remedy the infringement or compensate Plaintiff.
35. Defendants instead denied liability on the technical ground that the account was "not a Sportsnet account."
36. Copyright liability does not turn on the branding of an account.
37. Employers are liable for infringing acts of employees undertaken within the scope of employment.
38. Defendants' refusal to remedy the violation despite knowledge constitutes willful infringement.

## CLAIM FOR RELIEF

### Copyright Infringement (17 U.S.C. §§ 106, 501)

39. Plaintiff repeats and realleges the foregoing paragraphs.
40. Plaintiff owns a valid copyright in the Photograph.
41. Defendants, directly and/or vicariously and/or contributorily, publicly displayed the Photograph without authorization.
42. Such acts violate Plaintiff's exclusive rights under 17 U.S.C. § 106.
43. The infringement was willful.
44. Plaintiff is entitled to statutory damages of up to $150,000 per work, or alternatively actual damages and Defendants' profits, plus costs and fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment for Plaintiff;
B. Award statutory damages up to $150,000;
C. Award actual damages and profits alternatively;
D. Award costs and attorneys' fees pursuant to 17 U.S.C. § 505;
E. Award pre- and post-judgment interest;
F. Grant injunctive relief;
G. Grant such other relief as the Court deems just.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Date: February 3, 2026
New York, New York

**Justin Goldman**
Plaintiff, Pro Se